**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X   **Case No.:**
ARTHUR JEFFERS,

                    Plaintiff,                **<u>COMPLAINT</u>**

      - against -

                                          PLAINTIFF DEMANDS
                                          A TRIAL BY JURY

ART STUDENTS LEAGUE OF NEW YORK INC.,
MARQURS HINSON and KENNETH DAVID,
*Individually*,

                    Defendants.
-----------------------------------------------------------------X

       Plaintiff ARTHUR JEFFERS, by and through his attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complain of Defendants, upon information and belief, as follows:

<u>**NATURE OF THE CASE**</u>

1.    Plaintiff bring this action against Defendants pursuant to the <u>Fair Labor Standards Act</u>, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and the <u>New York State Labor Law,</u> Articles 6 & 19 ("NYLL") for failure to pay minimum wage and overtime wages and unlawful retaliatory termination for opposition to unlawful employment practices. Defendants' actions were unlawful and Plaintiff seeks monetary, compensatory and punitive damages, liquidated damages, interest, and reasonable attorneys' fees and costs.

2.    Plaintiff also complains pursuant to the <u>Wage Theft Prevention Act</u>, New York Labor Law §§ 195, *et seq.,* and seek to redress the damages he has suffered as a result of Defendant's failure to give them written notice of his rate of pay or accurate wage statements.

## JURISDICTION AND VENUE

3.  Jurisdiction of this Court is proper under §216(b) of the FLSA (29 U.S.C. § 216 (b)), §§ 1331 and 1343.

4.  The Court has supplemental jurisdiction over Plaintiff' claims brought under state law pursuant to 28 U.S.C. §1367.

5.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as it is a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## PARTIES

6.  At all times relevant, Plaintiff ARTHUR JEFFERS ("Plaintiff") was and is a resident of the State of New York and New York County.

7.  At all times relevant, Defendant ART STUDENTS LEAGUE OF NEW YORK INC.("LEAGUE") was and is a domestic limited liability company, duly existing pursuant to, and by virtue of, the laws of the State of New York.

8.  That at all times relevant hereto, Plaintiff was employed by Defendant LEAGUE.

9.  At all times relevant, Defendant MARQURS HENSON ("HENSON") was and is an individual who was and is employed by Defendant LEAGUE as an "Assistant Facilities Manager."

10. At all times relevant, Defendant HENSON maintained control, oversight, and direction over Plaintiff's employment including timekeeping, scheduling, payroll, and other employment practices. Further, Defendant HENSON had substantial control over Plaintiff's working conditions, and over the unlawful policies and practices alleged herein.

11. At all times relevant, Defendant KENNETH DAVID ("DAVID") was and is an individual who was and is employed by Defendant LEAGUE as an "Facilities Director."

12. At all times relevant, Defendant DAVID maintained control, oversight, and direction over Plaintiff's employment including timekeeping, scheduling, payroll, and other employment practices. Further, Defendant DAVID had substantial control over Plaintiff's working conditions, and over the unlawful policies and practices alleged herein.

13. At all times relevant hereto, Defendant LEAGUE had the power to, and did in fact, establish the terms of Plaintiff' employment, including Plaintiff' schedule and rate of pay.

14. Plaintiff is a former employee of Defendants LEAGUE, HINSON, and DAVID for purposes of the FLSA and NYLL.

15. Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff appropriately for all hours worked.

16. Defendant LEAGUE is a school, and accordingly a covered enterprise for purposes of the FLSA.

## MATERIAL FACTS

17. Defendants operate an art school located at 215 West 57th Street, New York, New York 10019.

18. Plaintiff was hired by Defendants in approximately September 2019 as a handyman.

19. When Plaintiff first began working, he worked a part time afternoon/evening schedule of approximately 29 hours per week.

20. In approximately October 2019, Plaintiff schedule changed when Defendants promoted him to full-time.

21. From approximately October 2019 until the end of his employment, Plaintiff's formal schedule was from 8:00 a.m. until 4:00 p.m. Nevertheless, Plaintiff usually worked a schedule from 8:00 a.m. until at least 4:15 p.m. or 4:30 p.m. (approximately 42-43 hours per week).

22. Until February 2020, Defendants would pay Plaintiff overtime for the hours he worked over forty.

23. In approximately February 2020, Defendants HINSON and DAVID informed Plaintiff that Defendants would not pay overtime.

24. Despite this policy, Defendants HINSON and DAVID would routinely assign Plaintiff projects that would require Plaintiff to work beyond a forty-hour workweek.

25. Rather than pay Plaintiff the overtime he was due under federal and state law, Defendants HINSON and DAVID arranged it so that Defendants' payroll software automatically clocked Plaintiff out after an eight hour work day, whether Plaintiff had actually finished work or not.

26. This policy and practice led Plaintiff to not be compensated for eligible overtime as required by federal and state law.

27. On March 5, 2020, Plaintiff complained to Defendant HINSON that Defendants were not properly compensating him for all hours. At that time, Defendant HINSON informed Plaintiff that he would fix the issue.

28. On March 6, 2020, Plaintiff was bewildered to see he was registered as clocking out at 4:01 p.m. instead of 4:29 p.m., the time he actually finished working.

29. Plaintiff again complained about this failure to record his hours worked to Defendants HINSON and DAVID. Plaintiff also reiterated that the reason Plaintiff had to work hours over forty were instructions given directly to him by Defendants HINSON and DAVID.

30. In response to Plaintiff's complaint that he was not being paid proper wages or overtime, Defendant HINSON informed Plaintiff that if he did not like it he could "hit the door."

31. Plaintiff responded to Defendant Hinson that he needed to be paid for his hours worked.

32. In response, and in retaliation for Plaintiff's complaint about unpaid wages, Defendants

terminated Plaintiff's employment.

33.    Since at least February 2020, Defendant LEAGUE wholly failed to pay Plaintiff the overtime rate for all hours worked as required by law, in violation of the FLSA and NYLL.

34.    Instead, Defendants would pay Plaintiff for only hours worked up to forty and with no pay at all, at the overtime rate or any other, for all time worked over forty.

35.    Since approximately September 2019, Plaintiff was paid by direct deposit for his hours up to forty.

36.    Throughout Plaintiff's employment, Plaintiff was paid $20.60 an hour.

37.    Plaintiff was paid by direct deposit.

38.    The Defendants utilize an electronic time monitoring system. However, as described above, Defendants engaged in a pattern and practice of clocking out Plaintiff before he finished work in order to deprive him of wages and overtime due to him under federal and state law.

39.    Defendants failed to provide Plaintiff, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

40.    Defendants failed to provide Plaintiff  with accurate wage statements at the time of his

payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

41.   Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff.

**AS A FIRST CAUSE OF ACTION**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**<u>MINIMUM WAGE</u>**

42. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

43. Defendants willfully employed Plaintiff in the aforementioned enterprise and failed to compensate Plaintiff at the required minimum hourly rate for his employment.

44. Defendants' failure to pay Plaintiff the mandated minimum hourly pay in accordance with the FLSA was a direct violation of the FLSA, specifically 29 U.S.C. § 206.

45. Defendants' failure to pay proper minimum wages for each hour worked was willful within the meaning of 29 U.S.C. § 255.

46. Defendants' failure to comply with the FLSA caused Plaintiff to suffer loss of wages.

**AS A SECOND CAUSE OF ACTION**
**VIOLATION OF NEW YORK LABOR LAW § 652(1)**
**<u>MINIMUM WAGE</u>**

47. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

48. Plaintiff was employees of Defendant LEAGUE within the meaning of the NYLL.

49. Defendants failed to pay Plaintiff the required minimum hourly wage rate for one hour of work.

50. Defendants violated Plaintiff' right to minimum wage pay under § 652(1); New York Labor Law, Article 19.

51. Defendants also violated New York's Minimum Wage Order of 12 NYCRR Part No. 142.

52. On account of such violations, Defendants are liable to Plaintiff for actual, statutory and liquidated damages.

53.   Defendants' actions were willful.

54.   Defendants' failure to comply with the NYLL and New York's Minimum Wage Order

caused Plaintiff to suffer loss of wages.

**AS A THIRD CAUSE OF ACTION**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**OVERTIME**

55.   Plaintiff repeats, reiterates, and realleges each and every paragraph above as if said

paragraph was more fully set forth herein at length.

56.   Defendants willfully employed Plaintiff for workweeks longer than forty (40) hours and

failed to compensate Plaintiff for his employment in excess of forty (40) hours per week

at a rate of at least one-and-one-half times the rate at which he was employed.

57.   Defendants' failed to pay overtime wages to Plaintiff as required by the FLSA, 29 U.S.C.

§§ 201, *et seq.*, and its implementing regulations.

58.   Defendants' failure to pay Plaintiff overtime pay in accordance with the FLSA is a direct

violation of the FLSA, specifically 29 U.S.C. § 207.

59.   Defendants' failure to pay proper overtime wages for each hour worked over forty (40)

per week was willful within the meaning of 29 U.S.C. § 255.

60.   Defendants' failure to comply with the FLSA has caused Plaintiff to suffer a loss of

wages.

**AS A FOURTH CAUSE OF ACTION**
**VIOLATION OF NEW YORK LABOR LAW**
**OVERTIME**

61.   Plaintiff repeats, reiterates, and realleges each and every paragraph above as if said

paragraph was more fully set forth herein at length.

62.   Defendants employed Plaintiff within the meaning of NYLL §§ 2, 190, and 651.

63.   Defendants failed to pay Plaintiff a premium for hours worked in excess of forty (40)

hours per week, in violation of NYLL § 170.

64. Defendants violated Plaintiff' right to overtime pay under Title 12 NYCRR 142-2.2.

65. Defendants' failure to comply with the NYLL overtime requirements has caused Plaintiff to suffer loss of wages and interest thereon.

66. Defendants' failure to pay proper overtime wages was willful.

67. Due to Defendants NYLL violations, Plaintiff are entitled to recover from Defendant LEAGUE his unpaid overtime wages in an amount to be determined at trial, plus an amount equal to 100% of Plaintiff' unpaid overtime wages in the form of liquidated damages, as well as attorneys' fees and costs of the action, including pre- and post-judgment interest, pursuant to NYLL §§ 198 and 663(1).

**AS A FIFTH CAUSE OF ACTION**
**VIOLATION OF THE WAGE STATEMENT PROVISIONS**
**OF THE NEW YORK LABOR LAW**

68. Plaintiff repeats, reiterates, and realleges all paragraphs above as though fully set forth herein.

69. With each payment of wages, Defendants failed to provide Plaintiff with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

70. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## AS A SIXTH CAUSE OF ACTION
## ILLEGAL RETALIATION UNDER THE FLSA

71.    Plaintiff repeats, reiterates, and realleges all paragraphs above as though fully set forth herein.

72.    Plaintiff complained to Defendants about violations of the FLSA, specifically the failure to pay overtime premiums.

73.    As a result of these complaints, Defendants terminated Plaintiff.

74.    Defendants' action was motivated by Plaintiff's complaint about the failure to receive overtime wages.

75.    Defendants' conduct constitutes unlawful retaliation in violation of, inter alia, FLSA § 215.

76.    Defendant's actions were willful.

77.    Defendants are liable to Plaintiff for back pay, compensatory damages, liquidated damages, punitive damages, and attorneys' fees and costs, all in an amount to be determined at trial.

## AS A SEVENTH CAUSE OF ACTION
## ILLEGAL RETALIATION UNDER THE NYLL

78.    Plaintiff repeats, reiterates, and realleges all paragraphs above as though fully set forth herein.

79.    Plaintiff complained to Defendants about violations of the NYLL, specifically the failure to pay overtime premiums.

80.    As a result of these complaints, Defendants terminated Plaintiff.

81.    Defendants' action was motivated by Plaintiff's complaint about the failure to receive overtime wages.

82.    Defendants' conduct constitutes unlawful retaliation in violation of, inter alia, NYLL §

215.

83. Defendant's actions were willful.

84. Defendants are liable to Plaintiff for back pay, compensatory damages, liquidated damages, punitive damages, and attorneys' fees and costs, all in an amount to be determined at trial.

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by the FLSA and the NYLL by failing to pay Plaintiff earned wages and overtime wages;

B. Declaring that Defendants illegally retaliated against Plaintiff for complaining to Defendant about violations of the FLSA and NYLL;

C. Declaring that Defendants engaged in unlawful employment practices prohibited by the NYLL by failing to give proper notice pursuant to the Wage Theft Prevention Act;

D. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful employment practices and to otherwise make them whole for any losses suffered as a result of such unlawful employment practices;

E. Awarding Plaintiff compensatory damages;

F. Awarding Plaintiff punitive damages;

G. Awarding Plaintiff liquidated damages as a result of Defendants' failure to pay wages;

H. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

I.    Awarding Plaintiff such other and further relief as the Court may deem equitable, just and

proper to remedy Defendants' unlawful employment practices.

Dated:  New York, New York
        September 21, 2020

                                        **PHILLIPS & ASSOCIATES,**
                                        **ATTORNEYS AT LAW, PLLC**


                              By:      /s/ Shawn Clark
                                       Shawn Clark, Esq.
                                       *Attorneys for Plaintiff*
                                       45 Broadway, Suite 430
                                       New York, New York 10006
                                       T: (212) 248 - 7431
                                       F: (212) 901 – 2107
                                       sclark@tpglaws.com